UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

CHRISTOPHER MYRICK
820 Park Street
De Pere, Wisconsin 54115

      Plaintiff,

v.

GEORGIA-PACIFIC BROADWAY LLC
1919 South Broadway
Green Bay, Wisconsin 54115

      Defendant

Case No: 25-cv-337

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Christopher Myrick, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA"), under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), under 42 U.S.C. § 1981, and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over plaintiff's state law claims because they are so related in this action within such original jurisdiction that they form part of the same case or controversy of the United States Constitution.

3. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

4. Plaintiff, Christopher Myrick, is an adult male resident of the State of Wisconsin with a post office address of 820 Park Street, De Pere, Wisconsin 54115.

5. Defendant, Georgia-Pacific Broadway LLC, was, at all material times herein, an entity doing business in the State of Wisconsin with a principal office address of 1919 South Broadway, Green Bay, Wisconsin 54115.

6. Defendant is a paper manufacturer.

7. During the relevant times as stated herein, Defendant owned, operated, and managed various physical locations throughout the State of Wisconsin, including a Green Bay, Wisconsin location where Plaintiff worked during his employment with Defendant.

8. During Plaintiff's employment with Defendant, Defendant employed more than fifteen (15) employees, for purposes of the ADA.

9. Defendant is a covered employer for purposes of the ADA.

10. During Plaintiff's employment with Defendant, Defendant employed at least fifty (50) employees within seventy-fine (75) miles of Plaintiff's work site, for purposes of the FMLA.

11. At the time of Plaintiff's FMLA leave requests, Plaintiff was employed at Defendants for twelve (12) months and had worked at least 1,250 hours during those twelve (12) months.

12. At the time of Plaintiff's FMLA leave requests, Plaintiff had not exceeded the amount of FMLA leave for any FMLA leave entitlement period.

13. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

14. Defendant is a covered employer for purposes of the FMLA.

15. On or about May 15, 2024, Plaintiff filed an employment discrimination complaint against Defendant with Wisconsin's Department of Workforce Development – Equal Rights Division, designated as Case No. CR202401273, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC") – Milwaukee Area Office, designated as Charge No. 26G202400931, alleging disability discrimination and failure to accommodate violations.

16. The EEOC issued Plaintiff a Notice of Right to Sue on Charge No. 26G202400931, dated January 31, 2025.

17. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

**GENERAL ALLEGATIONS**

18. In approximately July 2023, Defendant hired Plaintiff into the position of Tech-I, reporting directly to Tammy Vander Kinter, Production Supervisor.

19. Plaintiff suffers from Post Traumatic Stress Disorder and Generalized Anxiety Disorder, which are permanent, mental health conditions that significantly and substantially impact the normal functioning of his brain, and, at times, his ability to eat, sleep, breathe, think, concentrate, communicate and interact with others, perform manual tasks, and, at times, to work (hereinafter simply, Plaintiff's "Disabilities").

20. During the calendar years 2023 and 2024, Plaintiff was prescribed, and took, medication because of his Disabilities and in order to, among other things, combat the negative effects of his Disabilities.

21. During Plaintiff's employment with Defendant, Defendant, including but not limited to Vander Kinter and Michael Servais, Operations Lead, were aware and/or had knowledge of Plaintiff's Disabilities, their physical manifestations in Plaintiff, and their negative effects on Plaintiff in the workplace at Defendant.

22. During Plaintiff's employment with Defendant, Defendant, including but not limited to Vander Kinter, informed Plaintiff that if he was going to be absent from work at Defendant because of his Disabilities, he had five (5) days after the absence(s) to communicate or report his absence(s) to either Defendant and/or its third-party benefits administrator, Sedgwick, in order to avoid attendance points and/or discipline pursuant to Defendant's attendance policy.

23. On or about September 22, 2023, September 26, 2023, and September 27, 2023, Plaintiff was absent from work at Defendant because of his Disabilities.

24. On or about September 30, 2023, Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick, that he was absent on or about September 22, 2023, September 26, 2023, and September 27, 2023, because of his Disabilities.

25. From approximately late September 2023, through October 16, 2023, Plaintiff was off of work at Defendant on approved medical leave because of his Disabilities.

26. On or about October 17, 2023, Plaintiff returned to work at Defendant without restrictions from approved medical leave because of his Disabilities.

27. From approximately December 23, 2023, through January 3, 2024, Plaintiff was off of work at Defendant on approved medical leave because of his Disabilities.

28. On or about January 4, 2024, Plaintiff returned to work at Defendant without restrictions from approved medical leave because of his Disabilities.

29. On or about February 29, 2024, Plaintiff was absent from work at Defendant because of his Disabilities.

30. Vander Kinter knew and/or was aware that Plaintiff was absent from work at Defendant on or about February 29, 2024, because of his Disabilities.

31. Within five (5) days subsequent to February 29, 2024, and in accordance with Vander Kinter's directives, Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick, that he was absent on or about February 29, 2024, because of his Disabilities.

32. Defendant and/or its third-party benefits administrator, Sedgwick, designated Plaintiff's absence from work on or about February 29, 2024, because of his Disabilities as approved medical leave.

33. Defendant did not issue Plaintiff attendance point(s) and/or discipline Plaintiff pursuant to its attendance policy because of his absence from work on or about February 29, 2024, because of his Disabilities.

34. During the calendar years 2023 and/or 2024, Defendant and/or its third-party benefits administrator, Sedgwick, knew and/or was aware that Plaintiff's Disabilities were and/or could be considered serious health condition(s) under the FMLA.

35. During Plaintiff's employment with Defendant and during the calendar year 2024, Plaintiff complied with Defendant's notice policies and practices regarding requesting FMLA leave and/or informing Defendant of his anticipated FMLA leave use for his Disabilities and/or own serious health condition(s).

36. During the year 2024, Plaintiff's Disabilities and/or own serious health condition(s) required at least two (2) appointments and continuing treatment visits with, and supervision by, his health care provider(s) and/or treating physicians.

37. On or about April 1, 2024, Plaintiff was absent from work at Defendant because of his Disabilities.

38. Vander Kinter knew and/or was aware that Plaintiff was absent from work at Defendant on or about April 1, 2024, because of his Disabilities.

39. Within five (5) days subsequent to April 1, 2024, and in accordance with Vander Kinter's directives, Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick, that he was absent on or about April 1, 2024, because of his Disabilities.

40. Defendant and/or its third-party benefits administrator, Sedgwick, designated Plaintiff's absence from work on or about April 1, 2024, because of his Disabilities as approved medical leave and/or FMLA leave.

41. Defendant did not issue Plaintiff attendance point(s) and/or discipline Plaintiff pursuant to its attendance policy because of his absence from work on or about April 1, 2024, because of his Disabilities.

42. Subsequent to on or about April 1, 2024, and at the direction of his treating heath care provider(s), Plaintiff underwent a medication change for, and because of, his Disabilities.

43. Subsequent to on or about April 1, 2024, and because of the medication change for, and because of, his Disabilities, Plaintiff experienced negative side effects of said change, such as nausea, dizziness, and drowsiness.

44. On or about April 24, 2024, Plaintiff was late for his scheduled shift start time at work at Defendant because of his Disabilities.

45. On or about April 24, 2024, Plaintiff informed Vander Kinter that he would be late for his scheduled shift start time at work at Defendant that day because of his Disabilities.

46. Vander Kinter knew and/or was aware that Plaintiff was late for his scheduled shift start time at work at Defendant on or about April 24, 2024, because of his Disabilities.

47. Within five (5) days subsequent to April 24, 2024, and in accordance with Vander Kinter's directives, Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick, that he was late for his scheduled shift start time at work at Defendant on or about April 1, 2024, because of his Disabilities.

48. On or about April 25, 2024, Defendant issued Plaintiff a Final Written Warning based, at least in part, on being late for his scheduled shift start time at work at Defendant on or about April 24, 2024, because of his Disabilities.

49. Often times during Plaintiff's employment with Defendant, Defendant did not issue attendance point(s) and/or discipline to other non-African American employees pursuant to its attendance policy when said non-African American employees were late, tardy, and/or absent from work at Defendant.

50. On or about May 2, 2024, Plaintiff informed Vander Kinter that he would be absent from work at Defendant on or about May 3, 2024, because of his Disabilities.

51. On or about May 3, 2024, and prior to his scheduled shift start time that day, Plaintiff informed Defendant that he would be absent from work because of his Disabilities.

52. Vander Kinter knew and/or was aware that Plaintiff would be, and was, absent from work at Defendant on or about May 3, 2024, because of his Disabilities.

53. On or about May 4, 2024, and May 5, 2024, Plaintiff was virtually incapacitated and unable to work at Defendant, let alone function, because of his Disabilities.

54. On or about May 6, 2024, Plaintiff was absent from work at Defendant because of his Disabilities.

55. Within five (5) days subsequent to May 6, 2024, and in accordance with Vander Kinter's directives, Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick, that he was absent from work at Defendant between May 3, 2024, and May 6, 2024, because of his Disabilities.

56. On or about May 6, 2024, Defendant terminated Plaintiff's employment.

57. On or about May 8, 2024, Defendant's third-party benefits administrator, Sedgwick, conditionally approved Plaintiff's request for intermittent FMLA leave from approximately April 1, 2024, through May 28, 2024, pending receiving a complete and sufficient health care certification form from Plaintiff's treating health care provider(s) on or before May 20, 2024.

58. On or about May 8, 2024, Defendant's third-party benefits administrator, Sedgwick, informed Defendant that Plaintiff's request for intermittent FMLA leave from approximately April 1, 2024, through May 28, 2024, was approved pending receiving a complete and sufficient health care certification form from Plaintiff's treating health care provider(s) on or before at least May 20, 2024.

59. On or about May 8, 2024, Defendant's third-party benefits administrator, Sedgwick, informed Defendant that Plaintiff's absences from work at Defendant on or about April 24, 2024, May 3, 2024, May 4, 2024, and May 6, 2024, should be considered FMLA-approved.

60. Plaintiff's absences from work at Defendant on or about April 24, 2024, May 3, 2024, May 4, 2024, and May 6, 2024, should have been FMLA-covered.

61. On or about May 9, 2024, Defendant's third-party benefits administrator, Sedgwick, ceased processing Plaintiff's otherwise approved intermittent FMLA request because Defendant informed Sedgwick that Plaintiff's employment with it had been terminated on or about May 6, 2024.

### FIRST CAUSE OF ACTION – AMERICANS WITH DISABILITIES ACT (TERMINATION)

62. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

63. Defendant intentionally discriminated against Plaintiff by terminating his employment because of his Disabilities, in reckless disregard for his federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

64. As a result of Defendant's intentional discrimination, Plaintiff suffered damages in the forms of lost wages and other employment benefits, pain and suffering, emotional distress, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

### SECOND CAUSE OF ACTION – AMERICANS WITH DISABILITIES ACT (FAILURE TO ACCOMMODATE)

65. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

66. Defendant intentionally discriminated against Plaintiff by failing to reasonably accommodate his Disabilities, resulting in his termination, in reckless disregard for his federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

67. As a result of Defendant's intentional discrimination, Plaintiff suffered damages in the

forms of lost wages and other employment benefits, pain and suffering, emotional distress, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION – FMLA INTERFERENCE

68. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

69. Defendant intentionally interfered with Plaintiff's rights by terminating his employment on or about May 6, 2024, in order to prevent, and/or which prevented, him from using FMLA-protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.

70. As a result of Defendant's intentional FMLA violations, Plaintiff has suffered damages in the form of lost wages, other employment benefits and insurance, and compensatory damages.

### FOURTH CAUSE OF ACTION – 42 U.S.C. § 1981 RACE DISCRIMINATION (TERMS & CONDITIONS AND TERMINATION)

71. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

72. Defendant intentionally discriminated against Plaintiff on the basis of his race, African American, by assessing him attendance points and/or discipline pursuant to its attendance policy, while not issuing attendance point(s) and/or discipline to other non-African American employees pursuant to its attendance policy when said non-African American employees were similarly late, tardy, and/or absent from work at Defendant, in reckless disregard for Plaintiff's federally protected rights under 42 U.S.C. § 1981.

73. Defendant intentionally discriminated against Plaintiff on the basis of his race, African American, by terminating his employment for alleged violations of its attendance policy, while not

terminating other non-African American employees pursuant to its attendance policy when said non-African American employees were similarly late, tardy, and/or absent from work at Defendant, in reckless disregard for Plaintiff's federally protected rights under 42 U.S.C. § 1981.

74. As a result of Defendant's intentional discrimination against Plaintiff in these regards, Plaintiff has suffered damages in the form of back pay/lost wages and/or other employment benefits, pain and suffering, emotional distress, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION – PROMISSORY ESTOPPEL

75. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

76. During Plaintiff's employment with Defendant, Defendant, including but not limited to Vander Kinter, informed Plaintiff that if he was going to be absent from work at Defendant because of his Disabilities, he had five (5) days after the absence(s) to communicate or report his absence(s) to either Defendant and/or its third-party benefits administrator, Sedgwick, in order to avoid attendance points and/or discipline pursuant to Defendant's attendance policy.

77. During Plaintiff's employment with Defendant, and despite Defendant's promises and assurances as stated above, Defendant disciplined Plaintiff on or about April 25, 2024, and terminated Plaintiff's employment on or about May 6, 2024, even though Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick – and within five (5) days subsequent to absences because of his Disabilities – that he was, in fact, absent from work at Defendant because of his Disabilities.

78. Defendant should have reasonably expected that by providing Plaintiff with the promises and assurances as stated above, Plaintiff would inform Defendant and/or its third-party

benefits administrator, Sedgwick, within five (5) days subsequent to absences because of his Disabilities that he was, in fact, absent from work at Defendant because of his Disabilities, in forbearance of his rights pursuant to the ADA and FMLA.

79. Because Plaintiff followed Defendant's promises and assurances as stated above, Defendant disciplined Plaintiff on or about April 25, 2024, and terminated Plaintiff's employment on or about May 6, 2024, in forbearance of his rights pursuant to the ADA and FMLA.

80. As a result of Plaintiff's detrimental reliance on Defendant's promises and assurances, injustice can be avoided only by enforcement of Defendant's promises and assurances, and Plaintiff has suffered damages in the form of back pay/lost wages and/or other employment benefits, pain and suffering, emotional distress, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, compensatory damages, punitive damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;
2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and
3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 6th day of March, 2025

                                           WALCHESKE & LUZI, LLC
                                           Counsel for Plaintiff

                                           ***s/ Scott S. Luzi***
                                           James A. Walcheske, WI State Bar No. 1065635
                                           Scott S. Luzi, WI State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com

                                           LEE MEIER LAW
                                           Counsel for Plaintiff

                                           ***s/ Cary Burke***
                                           Cary Burke, GA State Bar No. 757627
                                           (*Pro Hac Vice Admission Forthcoming*)

LEE MEIER LAW
695 Pylant Street N.E., Suite 115
Atlanta, Georgia 30306
Telephone: (404) 474-7628
E-Mail: cburke@leemeier.law