**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

CHRISTOPHER MYRICK
820 Park Street
De Pere, Wisconsin 54115,

       Plaintiff,

                                    **Case No. 25-cv-337**

v.

GEORGIA-PACIFIC BROADWAY LLC
1919 South Broadway
Green Bay, Wisconsin 54115,

       Defendant.

## DEFENDANT GEORGIA-PACIFIC BROADWAY LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

       NOW COMES the Defendant, GEORGIA-PACIFIC BROADWAY, LLC, by and through its attorneys, GORDON REES SCULLY MANSUKHANI, LLP, and respectfully submits its Answer to Plaintiff's Complaint and states as follows:

## JURISDICTION AND VENUE

       1.     This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA"), under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), under 42 U.S.C. § 1981, and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

       **ANSWER:**  **Defendant admits that this Court has jurisdiction but denies that Plaintiff is entitled to relief. Defendant further admits that Plaintiff's claims involve a federal question and an Act of Congress but denies that Plaintiff is entitled to any relief.**

2.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over plaintiff's state law claims because they are so related in this action within such original jurisdiction that they form part of the same case or controversy of the United States Constitution.

**ANSWER:** **Defendant admits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims but denies that Plaintiff is entitled to any relief.**

3.     Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

**ANSWER:** **Defendant admits that venue is proper but denies that Plaintiff is entitled to any relief.**

## PARTIES AND COVERAGE

4.     Plaintiff, Christopher Myrick, is an adult male resident of the State of Wisconsin with a post office address of 820 Park Street, De Pere, Wisconsin 54115.

**ANSWER:** **Defendant possess insufficient knowledge as to the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

5.     Defendant, Georgia-Pacific Broadway LLC, was, at all material times herein, an entity doing business in the State of Wisconsin with a principal office address of 1919 South Broadway, Green Bay, Wisconsin 54115.

**ANSWER:** **Defendant admits that allegations in Paragraph 5 of Plaintiff's Complaint.**

6.     Defendant is a paper manufacturer.

**ANSWER:** **Defendant admits the allegations in Paragraph 6 of Plaintiff's Complaint.**

7.     During the relevant times as stated herein, Defendant owned, operated, and managed various physical locations throughout the State of Wisconsin, including a Green Bay,

Wisconsin location where Plaintiff worked during his employment with Defendant.

**ANSWER:** **Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint.**

8.    During Plaintiff's employment with Defendant, Defendant employed more than

fifteen (15) employees, for purposes of the ADA.

**ANSWER:**   **Defendant admits that during Plaintiff's employment with Defendant, it employed more than fifteen (15) employees. Defendant maintains that the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA") speaks for itself, and denies any allegations, stated of implied, that Defendant engaged in any sort of discrimination.**

9.    Defendant is a covered employer for purposes of the ADA.

**ANSWER:**   **Paragraph 9 of Plaintiff's Complaint states legal conclusions for which no response is required. If a response is deemed required, Defendant maintains that the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA") speaks for itself, and denies any allegations, stated or implied, that Defendant engaged in any sort of discrimination.**

10.    During Plaintiff's employment with Defendant, Defendant employed at least fifty

(50) employees within seventy-fine (75) miles of Plaintiff's work site, for purposes of the FMLA.

**ANSWER:**   **Defendant admits that during Plaintiff's employment with Defendant, Defendant employed at least fifty (5) employees within seventy-five (75) miles of Plaintiff's worksite. Defendant maintains that the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA") speaks for itself, and denies any allegations, stated or implied, that Defendant engaged in any sort of discrimination.**

11.    At the time of Plaintiff's FMLA leave requests, Plaintiff was employed at

Defendants for twelve (12) months and had worked at least 1,250 hours during those twelve (12)

months.

**ANSWER:** **Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.**

12.    At the time of Plaintiff's FMLA leave requests, Plaintiff had not exceeded the

amount of FMLA leave for any FMLA leave entitlement period.

- 3 -

**ANSWER: Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.**

13.     During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

**ANSWER: Paragraph 13 of Plaintiff's Complaint states legal conclusions for which no response is required. If a response is deemed required, Defendant maintains that the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA") speaks for itself, and denies any allegations, stated or implied, that Defendant engaged in any sort of discrimination.**

14.     Defendant is a covered employer for purposes of the FMLA.

**ANSWER: Paragraph 14 of Plaintiff's Complaint states legal conclusions for which no response is required. If a response is deemed required, Defendant maintains that the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA") speaks for itself, and denies any allegations, stated or implied, that Defendant engaged in any sort of discrimination.**

15.     On or about May 15, 2024, Plaintiff filed an employment discrimination complaint against Defendant with Wisconsin's Department of Workforce Development – Equal Rights Division, designated as Case No. CR202401273, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC") – Milwaukee Area Office, designated as Charge No. 26G202400931, alleging disability discrimination and failure to accommodate violations.

**ANSWER: Defendant admits that Plaintiff filed an employment discrimination complaint against Defendant with Wisconsin's Department of Workforce Development – Equal Rights Division, designated as Case No. CR202401273, which was cross-filed with the Equal Employment Opportunity Commission designated as Charge No. 26G202400931. Defendant denies any allegations, stated or implied, that Plaintiff is entitled to any relief.**

16.     The EEOC issued Plaintiff a Notice of Right to Sue on Charge No. 26G202400931, dated January 31, 2025.

**ANSWER: Defendant admits that the EEOC issued Plaintiff a Notice of Right to Sue on Charge No. 26G202400931, dated January 31, 2025. Defendant denies any allegations, stated or implied, that Plaintiff is entitled to any relief.**

17.     Plaintiff has satisfied all administrative remedies and all conditions precedent to

bringing this action.

**ANSWER: Defendant admits that Plaintiff has satisfied all administrative remedies and all conditions precedent to bring this action. Defendant denies that Plaintiff is entitled to any relief.**

## GENERAL ALLEGATIONS

18.     In approximately July 2023, Defendant hired Plaintiff into the position of Tech-I, reporting directly to Tammy Vander Kinter, Production Supervisor.

**ANSWER: Defendant admits the allegations in Paragraph 18 of Plaintiff's Complaint.**

19.     Plaintiff suffers from Post Traumatic Stress Disorder and Generalized Anxiety Disorder, which are permanent, mental health conditions that significantly and substantially impact the normal functioning of his brain, and, at times, his ability to eat, sleep, breathe, think, concentrate, communicate and interact with others, perform manual tasks, and, at times, to work (hereinafter simply, Plaintiff's "Disabilities").

**ANSWER: Defendant possess insufficient knowledge as to the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

20.     During the calendar years 2023 and 2024, Plaintiff was prescribed, and took, medication because of his Disabilities and in order to, among other things, combat the negative effects of his Disabilities.

**ANSWER: Defendant possess insufficient knowledge as to the allegations contained in Paragraph20 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

21.     During Plaintiff's employment with Defendant, Defendant, including but not limited to Vander Kinter and Michael Servais, Operations Lead, were aware and/or had knowledge of Plaintiff's Disabilities, their physical manifestations in Plaintiff, and their negative effects on Plaintiff in the workplace at Defendant.

**ANSWER:** **Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.**

22.     During Plaintiff's employment with Defendant, Defendant, including but not limited to Vander Kinter, informed Plaintiff that if he was going to be absent from work at Defendant because of his Disabilities, he had five (5) days after the absence(s) to communicate or report his absence(s) to either Defendant and/or its third-party benefits administrator, Sedgwick, in order to avoid attendance points and/or discipline pursuant to Defendant's attendance policy.

**ANSWER:** **Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.**

23.     On or about September 22, 2023, September 26, 2023, and September 27, 2023, Plaintiff was absent from work at Defendant because of his Disabilities.

**ANSWER:** **Defendant admits that Plaintiff was absent on or about September 22, 2023, September 26, 2023, and September 27, 2023, and that he reported the claims to Sedgwick. Defendant possesses insufficient knowledge as to the remainder of allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

24.     On or about September 30, 2023, Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick, that he was absent on or about September 22, 2023, September 26, 2023, and September 27, 2023, because of his Disabilities.

**ANSWER:** **Upon information and belief, Defendant admits that Plaintiff advised Sedgwick of his September 22, 2023, September 26, 2023, and September 27, 2023, absences. Defendant possesses insufficient knowledge as to the remainder of allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

25.     From approximately late September 2023, through October 16, 2023, Plaintiff was off of work at Defendant on approved medical leave because of his Disabilities.

**ANSWER:** **Upon information and belief, Defendant admits that Plaintiff was not at work from September 22, 2023 through October 16, 2023. Answering further, upon information and belief, Defendant asserts that Sedgwick denied Plaintiff's Family and Medical Leave, but approved disability for this time period. Defendant possesses insufficient**

knowledge as to the remainder of allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.

26.     On or about October 17, 2023, Plaintiff returned to work at Defendant without restrictions from approved medical leave because of his Disabilities.

**ANSWER:   Upon information and belief, Defendant admits that Plaintiff returned to work on October 17, 2023 after Sedgwick denied his Family and Medical Leave from September 22, 2023 through October 16, 2023, but approved his disability from September 25, 2023 through October 16, 2023. Defendant possesses insufficient knowledge as to the remainder of allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

27.     From approximately December 23, 2023, through January 3, 2024, Plaintiff was off of work at Defendant on approved medical leave because of his Disabilities.

**ANSWER:   Defendant admits that Plaintiff was absent from December 23, 2023, through January 3, 2024, and that he reported the claims to Sedgwick. Defendant possesses insufficient knowledge as to the remainder of allegations contained in Paragraph 27 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

28.     On or about January 4, 2024, Plaintiff returned to work at Defendant without restrictions from approved medical leave because of his Disabilities.

**ANSWER:   Defendant admits that Plaintiff returned to work on or about January 4, 2024. Defendant possesses insufficient knowledge as to the remainder of allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

29.     On or about February 29, 2024, Plaintiff was absent from work at Defendant because of his Disabilities.

**ANSWER:   Defendant admits that Plaintiff was absent from work on or about February 29, 2024. Defendant possesses insufficient knowledge as to the remainder of allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

30.     Vander Kinter knew and/or was aware that Plaintiff was absent from work at Defendant on or about February 29, 2024, because of his Disabilities.

**ANSWER: Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.**

31.     Within five (5) days subsequent to February 29, 2024, and in accordance with Vander Kinter's directives, Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick, that he was absent on or about February 29, 2024, because of his Disabilities.

**ANSWER:  Defendant admits only that Plaintiff reported absences to its third-party benefits administrator, Sedgwick, and Defendant was made aware of the reports. Defendant denies the remaining allegations in Paragraph 39 of Plaintiff's Complaint.**

32.     Defendant and/or its third-party benefits administrator, Sedgwick, designated Plaintiff's absence from work on or about February 29, 2024, because of his Disabilities as approved medical leave.

**ANSWER:  Upon information and belief, Sedgwick determined that Plaintiff's leave request for February 29, 2024 met the Defendant's medical leave basic eligibility requirements pending receipt of supporting documentation.**

33.     Defendant did not issue Plaintiff attendance point(s) and/or discipline Plaintiff pursuant to its attendance policy because of his absence from work on or about February 29, 2024, because of his Disabilities.

**ANSWER:  Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.**

34.     During the calendar years 2023 and/or 2024, Defendant and/or its third-party benefits administrator, Sedgwick, knew and/or was aware that Plaintiff's Disabilities were and/or could be considered serious health condition(s) under the FMLA.

**ANSWER:  Defendant admits only that Plaintiff reported absences to its third-party benefits administrator, Sedgwick, and Defendant was made aware of the reports. Defendant denies the remaining allegations in Paragraph 34 of Plaintiff's Complaint.**

35.     During Plaintiff's employment with Defendant and during the calendar year 2024,

Plaintiff complied with Defendant's notice policies and practices regarding requesting FMLA leave and/or informing Defendant of his anticipated FMLA leave use for his Disabilities and/or own serious health condition(s).

**ANSWER: Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.**

36.     During the year 2024, Plaintiff's Disabilities and/or own serious health condition(s) required at least two (2) appointments and continuing treatment visits with, and supervision by, his health care provider(s) and/or treating physicians.

**ANSWER: Defendant possess insufficient knowledge as to the allegations contained in Paragraph 36 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

37.     On or about April 1, 2024, Plaintiff was absent from work at Defendant because of his Disabilities.

**ANSWER:  Defendant admits that Plaintiff was absent from work on or about April 1, 2024. Defendant possesses insufficient knowledge as to the remainder of allegations contained in Paragraph 37 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

38.     Vander Kinter knew and/or was aware that Plaintiff was absent from work at Defendant on or about April 1, 2024, because of his Disabilities.

**ANSWER: Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.**

39.     Within five (5) days subsequent to April 1, 2024, and in accordance with Vander Kinter's directives, Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick, that he was absent on or about April 1, 2024, because of his Disabilities.

**ANSWER:  Defendant admits only that Plaintiff reported absences to its third-party benefits administrator, Sedgwick, and Defendant was made aware of the reports. Defendant denies the remaining allegations in Paragraph 39 of Plaintiff's Complaint.**

40.     Defendant and/or its third-party benefits administrator, Sedgwick, designated

Plaintiff's absence from work on or about April 1, 2024, because of his Disabilities as approved medical leave and/or FMLA leave.

**ANSWER:** **Upon information and belief, Sedgwick determined that Plaintiff's leave request for April 1, 2024 met the Defendant's medical leave basic eligibility requirements pending receipt of supporting documentation.**

41. Defendant did not issue Plaintiff attendance point(s) and/or discipline Plaintiff pursuant to its attendance policy because of his absence from work on or about April 1, 2024, because of his Disabilities.

**ANSWER:** **Defendant admits the allegations in Paragraph 41 of Plaintiff's Complaint.**

42. Subsequent to on or about April 1, 2024, and at the direction of his treating heath care provider(s), Plaintiff underwent a medication change for, and because of, his Disabilities.

**ANSWER:** **Defendant possesses insufficient knowledge as to the allegations contained in Paragraph 42 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

43. Subsequent to on or about April 1, 2024, and because of the medication change for, and because of, his Disabilities, Plaintiff experienced negative side effects of said change, such as nausea, dizziness, and drowsiness.

**ANSWER:** **Defendant possesses insufficient knowledge as to the allegations contained in Paragraph 43 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

44. On or about April 24, 2024, Plaintiff was late for his scheduled shift start time at work at Defendant because of his Disabilities.

**ANSWER:** **Defendant possesses insufficient knowledge as to the allegations contained in Paragraph 44 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

45. On or about April 24, 2024, Plaintiff informed Vander Kinter that he would be late for his scheduled shift start time at work at Defendant that day because of his Disabilities.

**ANSWER:** **Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.**

46.     Vander Kinter knew and/or was aware that Plaintiff was late for his scheduled shift start time at work at Defendant on or about April 24, 2024, because of his Disabilities.

**ANSWER:** **Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.**

47.     Within five (5) days subsequent to April 24, 2024, and in accordance with Vander Kinter's directives, Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick, that he was late for his scheduled shift start time at work at Defendant on or about April 1, 2024, because of his Disabilities.

**ANSWER:** **Defendant admits only that Plaintiff reported absences to its third-party benefits administrator, Sedgwick, and Defendant was made aware of the reports. Defendant denies the remaining allegations in Paragraph 47 of Plaintiff's Complaint.**

48.     On or about April 25, 2024, Defendant issued Plaintiff a Final Written Warning based, at least in part, on being late for his scheduled shift start time at work at Defendant on or about April 24, 2024, because of his Disabilities.

**ANSWER:** **Defendant admits only that it issued a Final Written Warning to Plaintiff on or about April 25, 2024. Defendant denies the remaining allegations in Paragraph 48 of Plaintiff's Complaint.**

49.     Often times during Plaintiff's employment with Defendant, Defendant did not issue attendance point(s) and/or discipline to other non-African American employees pursuant to its attendance policy when said non-African American employees were late, tardy, and/or absent from work at Defendant.

**ANSWER:** **Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.**

50.     On or about May 2, 2024, Plaintiff informed Vander Kinter that he would be absent from work at Defendant on or about May 3, 2024, because of his Disabilities.

**ANSWER: Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint.**

51.     On or about May 3, 2024, and prior to his scheduled shift start time that day, Plaintiff informed Defendant that he would be absent from work because of his Disabilities.

**ANSWER: Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.**

52.     Vander Kinter knew and/or was aware that Plaintiff would be, and was, absent from work at Defendant on or about May 3, 2024, because of his Disabilities.

**ANSWER: Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.**

53.     On or about May 4, 2024, and May 5, 2024, Plaintiff was virtually incapacitated and unable to work at Defendant, let alone function, because of his Disabilities.

**ANSWER: Defendant possesses insufficient knowledge as to the allegations contained in Paragraph 53 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

54.     On or about May 6, 2024, Plaintiff was absent from work at Defendant because of his Disabilities.

**ANSWER: Defendant possesses insufficient knowledge as to the allegations contained in Paragraph 54 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

55.     Within five (5) days subsequent to May 6, 2024, and in accordance with Vander Kinter's directives, Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick, that he was absent from work at Defendant between May 3, 2024, and May 6, 2024, because of his Disabilities.

**ANSWER:**

56.     On or about May 6, 2024, Defendant terminated Plaintiff's employment.

**ANSWER: Defendant admits the allegations set forth in Paragraph 56 of Plaintiff's**

**Complaint.**

57.    On or about May 8, 2024, Defendant's third-party benefits administrator, Sedgwick, conditionally approved Plaintiff's request for intermittent FMLA leave from approximately April 1, 2024, through May 28, 2024, pending receiving a complete and sufficient health care certification form from Plaintiff's treating health care provider(s) on or before May 20, 2024.

**ANSWER:  Defendant possesses insufficient knowledge as to the allegations contained in Paragraph 57 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

58.    On or about May 8, 2024, Defendant's third-party benefits administrator, Sedgwick, informed Defendant that Plaintiff's request for intermittent FMLA leave from approximately April 1, 2024, through May 28, 2024, was approved pending receiving a complete and sufficient health care certification form from Plaintiff's treating health care provider(s) on or before at least May 20, 2024.

**ANSWER:  Defendant possesses insufficient knowledge as to the allegations contained in Paragraph 58 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

59.    On or about May 8, 2024, Defendant's third-party benefits administrator, Sedgwick, informed Defendant that Plaintiff's absences from work at Defendant on or about April 24, 2024, May 3, 2024, May 4, 2024, and May 6, 2024, should be considered FMLA-approved.

**ANSWER:  Defendant possesses insufficient knowledge as to the allegations contained in Paragraph 59 of Plaintiff's Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

60.    Plaintiff's absences from work at Defendant on or about April 24, 2024, May 3, 2024, May 4, 2024, and May 6, 2024, should have been FMLA-covered.

**ANSWER:  Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.**

61.     On or about May 9, 2024, Defendant's third-party benefits administrator, Sedgwick, ceased processing Plaintiff's otherwise approved intermittent FMLA request because Defendant informed Sedgwick that Plaintiff's employment with it had been terminated on or about May 6, 2024.

**ANSWER:  Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint.**

## FIRST CAUSE OF ACTION – AMERICANS WITH DISABILITIES ACT (TERMINATION)

62.     Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

**ANSWER:   Defendant incorporates by reference its previous answers/responses to Paragraphs 1-61 of Plaintiff's Complaint.**

63.     Defendant intentionally discriminated against Plaintiff by terminating his employment because of his Disabilities, in reckless disregard for his federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

**ANSWER:  Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint.**

64.     As a result of Defendant's intentional discrimination, Plaintiff suffered damages in the forms of lost wages and other employment benefits, pain and suffering, emotional distress, prejudgment interest and post-judgement interest, and attorneys' fees and costs.

**ANSWER:  Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint.**

## SECOND CAUSE OF ACTION – AMERICANS WITH DISABILITIES ACT (FAILURE TO ACCOMMODATE)

65.     Plaintiff reasserts and incorporates all paragraphs set forth as if restated

herein.

**ANSWER:** **Defendant incorporates by reference its previous answers/responses to Paragraphs 1-64 of Plaintiff's Complaint.**

66. Defendant intentionally discriminated against Plaintiff by failing to reasonably accommodate his Disabilities, resulting in his termination, in reckless disregard for his federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

**ANSWER:** **Defendant denies the allegations in Paragraph 66 of Plaintiff's Complaint.**

67. As a result of Defendant's intentional discrimination, Plaintiff suffered damages in the forms of lost wages and other employment benefits, pain and suffering, emotional distress, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

**ANSWER:** **Defendant denies the allegations in Paragraph 67 of Plaintiff's Complaint.**

### THIRD CAUSE OF ACTION – FMLA INTERFERENCE

68. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

**ANSWER:** **Defendant incorporates by reference its previous answers/responses to Paragraphs 1-67 of Plaintiff's Complaint.**

69. Defendant intentionally interfered with Plaintiff's rights by terminating his employment on or about May 6, 2024, in order to prevent, and/or which prevented, him from using FMLA-protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.

**ANSWER:** **Defendant denies the allegations in Paragraph 69 of Plaintiff's Complaint.**

70. As a result of Defendant's intentional FMLA violations, Plaintiff has suffered

damages in the form of lost wages, other employment benefits and insurance, and compensatory damages.

**ANSWER: Defendant denies the allegations in Paragraph 70 of Plaintiff's Complaint.**

## FOURTH CAUSE OF ACTION – 42 U.S.C. § 1981 RACE DISCRIMINATION (TERMS & CONDITIONS AND TERMINATION)

71. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

**ANSWER: Defendant incorporates by reference its previous answers/responses to Paragraphs 1-70 of Plaintiff's Complaint.**

72. Defendant intentionally discriminated against Plaintiff on the basis of his race, African American, by assessing him attendance points and/or discipline pursuant to its attendance policy, while not issuing attendance point(s) and/or discipline to other non-African American employees pursuant to its attendance policy when said non-African American employees were similarly late, tardy, and/or absent from work at Defendant, in reckless disregard for Plaintiff's federally protected rights under 42 U.S.C. § 1981.

**ANSWER: Defendant denies the allegations in Paragraph 72 of Plaintiff's Complaint.**

73. Defendant intentionally discriminated against Plaintiff on the basis of his race, African American, by terminating his employment for alleged violations of its attendance policy, while not terminating other non-African American employees pursuant to its attendance policy when said non-African American employees were similarly late, tardy, and/or absent from work at Defendant, in reckless disregard for Plaintiff's federally protected rights under 42 U.S.C. § 1981.

**ANSWER: Defendant denies the allegations in Paragraph 73 of Plaintiff's Complaint.**

74. As a result of Defendant's intentional discrimination against Plaintiff in these

regards, Plaintiff has suffered damages in the form of back pay/lost wages and/or other employment benefits, pain and suffering, emotional distress, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

**ANSWER:** **Defendant denies the allegations in Paragraph 74 of Plaintiff's Complaint.**

### FIFTH CAUSE OF ACTION – PROMISSORY ESTOPPEL

75.     Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

**ANSWER:** **Defendant incorporates by reference its previous answers/responses to Paragraphs 1-74 of Plaintiff's Complaint.**

76.     During Plaintiff's employment with Defendant, Defendant, including but not limited to Vander Kinter, informed Plaintiff that if he was going to be absent from work at Defendant because of his Disabilities, he had five (5) days after the absence(s) to communicate or report his absence(s) to either Defendant and/or its third-party benefits administrator, Sedgwick, in order to avoid attendance points and/or discipline pursuant to Defendant's attendance policy.

**ANSWER:** **Defendant denies the allegations in Paragraph 76 of Plaintiff's Complaint.**

77.     During Plaintiff's employment with Defendant, and despite Defendant's promises and assurances as stated above, Defendant disciplined Plaintiff on or about April 25, 2024, and terminated Plaintiff's employment on or about May 6, 2024, even though Plaintiff informed Defendant and/or its third-party benefits administrator, Sedgwick – and within five (5) days subsequent to absences because of his Disabilities – that he was, in fact, absent from work at Defendant because of his Disabilities.

**ANSWER:** **Defendant denies the allegations in Paragraph 77 of Plaintiff's Complaint.**

78.     Defendant should have reasonably expected that by providing Plaintiff with the

promises and assurances as stated above, Plaintiff would inform Defendant and/or its third-party benefits administrator, Sedgwick, within five (5) days subsequent to absences because of his Disabilities that he was, in fact, absent from work at Defendant because of his Disabilities, in forbearance of his rights pursuant to the ADA and FMLA.

**ANSWER:** **Defendant denies the allegations in Paragraph 78 of Plaintiff's Complaint.**

79.     Because Plaintiff followed Defendant's promises and assurances as stated above, Defendant disciplined Plaintiff on or about April 25, 2024, and terminated Plaintiff's employment on or about May 6, 2024, in forbearance of his rights pursuant to the ADA and FMLA.

**ANSWER:** **Defendant denies the allegations in Paragraph 79 of Plaintiff's Complaint.**

80.     As a result of Plaintiff's detrimental reliance on Defendant's promises and assurances, injustice can be avoided only by enforcement of Defendant's promises and assurances, and Plaintiff has suffered damages in the form of back pay/lost wages and/or other employment benefits, pain and suffering, emotional distress, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

**ANSWER:** **Defendant denies the allegations in Paragraph 80 of Plaintiff's Complaint.**

## AFFIRMATIVE DEFENSES

Defendant Georgia-Pacific Broadway, LLP asserts the following Affirmative Defenses without assuming the burden of proof for which such burden is upon the Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses, or damages, if any, were aggravated by his failure to use reasonable diligence to mitigate them.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and/or damages sustained, if any, were not reasonably foreseeable by Defendant.

### THIRD AFFIRMATIVE DEFENSE

No act or omission by Defendant proximately caused or contributed to any of the damages alleged in Plaintiff's Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and each and every Count therein fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Any of the Defendant's actions were taken for legitimate business reasons and without discriminatory or retaliatory motive.

### SIXTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual, punitive, liquidated damages and hence can only recover nominal damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer and to raise any additional defense not known at this time, but which may become known during the course of discovery, investigation, or trial, to eliminate any affirmative defense contained in this Answer, or to conform to any further amendments to either or both Plaintiff's Complaint or the evidence.

**WHEREFORE**, Defendant Georgia-Pacific Broadway, LLP requests judgment in its favor and awarding it all costs and disbursements in this action, including attorneys' fees and such other and further relief as the Court may deem just and proper.

DEFENDANT DEMANDS TRIAL BY JURY.

Dated: May 19, 2025

   */s/Jennifer Williams*
**GORDON REES SCULLY MANSUKHANI LLP**
Jennifer Williams
250 E. Wisconsin Ave #1800
Milwaukee, WI 53202
jlwilliams@grsm.com
414-731-8148

Alexandra S. Pruitt (*admission to the Eastern District pending*)
Gordon Rees Scully Mansukhani, LLP
One North Wacker Dr., Suite 1600
Chicago, IL 60606
apruitt@grsm.com
773-707-9683

*Attorneys for Defendant Georgia-Pacific Broadway, LLP*

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn, on oath deposes and states that a true and correct copy of forgoing, was served upon all parties of record via the above via CM/ECF filing on May 19, 2025.

Dated: May 19, 2025


_/s/Jennifer Williams_

**GORDON REES SCULLY MANSUKHANI LLP**

Jennifer Williams
250 E. Wisconsin Ave #1800
Milwaukee, WI 53202
jlwilliams@grsm.com
414-731-8148

Alexandra S. Pruitt (_admission to the Eastern District pending_)
Gordon Rees Scully Mansukhani, LLP
One North Wacker Dr., Suite 1600
Chicago, IL 60606
apruitt@grsm.com
773-707-9683

_Attorneys for Defendant Georgia-Pacific Broadway, LLP_